```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

DIANE SAMEDY,

                    Plaintiff,            **OPINION & ORDER**

         -against-                        05-CV-1431 (CBA) (KAM)

FIRST UNUM LIFE INSURANCE COMPANY
OF AMERICA,

                    Defendant.

----------------------------------X
```
MATSUMOTO, United States Magistrate Judge:

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C §§ 1001 *et seq*. ("ERISA"), in response to a determination made by defendant First Unum Life Insurance Company of America ("First Unum" or "defendant") that plaintiff was not entitled to long-term disability benefits. This case has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for general pretrial supervision, including all non-dispositive matters.

Plaintiff moves to compel the deposition of Ms. Candice Chisolm, defendant's disability specialist who upheld the denial of plaintiff's benefits. (Docket no. 19, Letter from Justin C. Frankel, Esq. dated January 10, 2006 ("Frankel Letter") at 5.) Through the deposition of Ms. Chisolm, plaintiff seeks to determine whether defendant's decision to deny benefits to plaintiff was influenced by a conflict of interest arising from

-1-

defendant's dual role as claim insurer and claim administrator. (Id. at 2.)

At a conference on December 23, 2006, the Court ordered that if the parties were unable to resolve this issue, the plaintiff was to submit: (i) the legal authority for the deposition, (ii) the specific reasons that a deposition is necessary despite the presumption that the Court's review is confined to the administrative record, (iii) and reasons why the discovery permitted thus far is not sufficient. (Docket no. 18.) Upon review of the submissions of the parties (docket nos. 19-21), and further discussion with the Court at a conference on March 7, 2006, during which plaintiff agreed that no further depositions will be requested, and for the reasons set forth below, the Court grants plaintiff's request to depose defendant's employee. The deposition of defendant's representative shall be taken no later than April 21, 2006, at plaintiff's expense, last no longer than three hours and shall be limited to conflict of interest issues.

**A.   Legal Basis for the Deposition**

Generally, a court's review of a discretionary claim determination made by a plan administrator, fiduciary, or trustee is subject to the "arbitrary and capricious" standard of review and is limited to the administrative record. See Miller v.

United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). "However, review under this deferential standard does not displace using pretrial discovery to determine . . . whether or not [defendant] acted arbitrarily and capriciously with respect to a claim for benefits under a plan. . . ." Nagele v. Elec. Data Sys. Corp., 193 F.R.D 94, 103 (W.D.N.Y. 2000).

Defendant asserted that plaintiff "has not cited a single case that supports the notion that the Court must permit such discovery." (Docket no. 20, Letter from Christopher G. Brown, Esq. dated January 24, 2006("Brown Letter"), at 2.) While there is no case law mandating that such a request be granted, the Court has the discretionary authority to do so. See Zervos v. Verizon New York, Inc., 252 F.3d 163, 174 (2d Cir. 2001) (Court expressly stating that a plaintiff is entitled to seek discovery outside the administrative record in order to determine whether a plan's denial of benefits was tinged by a conflict of interest); Nagele, 193 F.R.D. at 107 (a court may grant discovery to a plaintiff challenging a denial of benefits under an arbitrary and capricious standard of review); but see Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 981 (7th Cir. 1999) (discovery unavailable to aggrieved beneficiaries challenging a plan's denial of benefits under an arbitrary and capricious standard of review).

**B. Specific Reasons that a Deposition is Necessary Despite the Presumption that the Court's Review is Confined to the Administrative Record**

Plaintiff contends that defendant's status as both claim insurer and claim administrator creates a structural conflict of interest. Plaintiff seeks to explore, through deposition testimony, whether this alleged conflict of interest influenced defendant's decision to deny plaintiff disability benefits. In support of her request to depose Ms. Chisolm, plaintiff submitted the declaration of Linda Nee, a former employee of defendant's corporate parent who made eligibility determinations and was familiar her employer's claims handling, who stated that she was under pressure to deny claims. (See generally, Frankel Letter, Ex. D, Declaration of Linda Nee dated February 18, 2003.) This former employee ceased working with defendant's corporate parent in 2002, and did not execute her affidavit until 2003. The events described in the affidavit occurred long before the defendant's consideration of plaintiff's claim, and thus provide no specific information regarding the denial of plaintiff's application for long-term disability benefits. The affidavit does, however, raise questions as to whether the defendant had institutional practices that encouraged its employees to deny benefit applications.

In further support of plaintiff's deposition request, plaintiff also submitted the Report of the Targeted Multistate

Market Conduct Examination of Unum Life Insurance Company of America, The Paul Revere Life Insurance Company, and Provident Life and Accident Insurance Company ("Multistate Report"). (Frankel Letter, Ex. E.)  The report outlined a number of preliminary concerns that the examiners had with the claims handling process of these companies, and how their practices might cause valid claims to be denied.  (Id.)  The companies named in the report are only affiliates of the defendant, and the report provides no evidence supporting the plaintiff's assertion that plaintiff was denied long-term disability benefits due to a conflict of interest.

While defendant correctly asserts that neither the Nee declaration nor the report are relevant to the issue of whether the specific denial of benefits to plaintiff was influenced by a conflict of interest, they provide a minimally sufficient basis to grant plaintiff limited discovery.  Under limited circumstances, a plaintiff is permitted to look outside the four corners of the administrative record for this information regarding a conflict of interest because "direct evidence of a conflict is rarely likely to appear in any plan administrator's decision."  Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 389 (3d Cir. 2000).

While the Court is mindful of the goals of allowing only limited discovery in ERISA cases, namely speedy and

inexpensive adjudication, see Miller, 72 F.3d at 1071, Perry v. Simplicity Eng'g, 900 F.2d 963, 967 (10th Cir. 1990), these goals are not frustrated by allowing the deposition of one of defendant's employees for the narrow purpose of determining whether defendant's consideration of plaintiff's application presented a conflict of interest, and whether that conflict influenced defendant's decision to deny plaintiff's long-term disability benefits. "Federal courts are not without sufficient power to regulate discovery to achieve a fair balance between competing considerations." Nagele, 193 F.R.D. at 106. The Nagele court acknowledged the authority of the district court under Fed. R. Civ. P. 16(b)(1) (the court "shall enter a scheduling order that limits the time to complete discovery"), and Fed. R. Civ. P. 26(c) (authorizing protective orders limiting discovery) to focus discovery, minimize financial burdens and expedite judicial review. Id. at 105.

**C. Why the Discovery Permitted Thus Far is Not Sufficient**

Plaintiff has already propounded both interrogatories and document requests on the issue of whether her denial of benefits was influenced by a conflict of interest. (See Docket no. 13, Letter from Christopher G. Brown, Esq. dated November 4, 2005, attaching defendant's responses to plaintiff's document requests and interrogatories.) Plaintiff requested that

defendant identify any documents pertaining to any bonuses, promotions or financial incentives offered to employees of defendant who caused claims to be denied, thereby saving the defendant money. (See id.) While defendant raised a valid objection that responding to this request would be unduly burdensome, allowing plaintiff to depose defendant's representative would alleviate that burden while providing an opportunity to discover relevant information on the disputed issue.

Plaintiff also requested a number of documents related to possible economic incentives offered by defendant that could potentially influence the claims handling process. In response to these requests, defendant repeatedly claimed that all relevant information was to be found within the administrative record. (See id.) As stated above, it is unlikely that any alleged influence of a structural conflict of interest in making claim determinations will be apparent from the administrative record. Accordingly, the Court will permit limited discovery outside the administrative record in order to provide plaintiff with the opportunity to obtain discovery on this issue. Given defendant's reliance on the administrative record in response to these requests, the discovery permitted thus far has not been fruitful.

For all the foregoing reasons, plaintiff's request to depose defendant's representative is granted, subject to the

terms prescribed herein.  Plaintiff shall initiate a telephone status conference on April 24, 2006 at 9:00 a.m.

**SO ORDERED**
Dated: March 10, 2006
       Brooklyn, NY

_____/s/_____
KIYO A. MATSUMOTO
United States Magistrate Judge